WILLIAMS, *appellant*, *vs.* FITCH, adm'r *cum testamento annexo* of E. D. Bennett, deceased, and others, *respondents.*

An appeal from a decision of a surrogate confirming the probate of a will upon allegations being filed against its validity, must be made to the supreme court, in equity, and must be brought within thirty days after the making of the decree or sentence.

Where a party, instead of moving to dismiss an appeal immediately on its being brought, waits until the final hearing, before he raises the question, he will not be allowed costs.

APPEAL from the surrogate's court of Cayuga county. Enoch D. Bennett in his lifetime made and published his will, bearing date January 10th, 1850, and died on the 9th day of February next following. The will was admitted to probate February 12th, 1850, and letters of administration with the will annexed were afterwards granted to Abijah Fitch, within one year after such probate; and on or about the 11th day of February, 1851, the present appellant, as one of the next of kin to the testator, filed in the office of the surrogate, his allegations against the validity of the will, with a view to having the probate annulled and revoked, under §§ 30 to 36, inclusive, 2 R. S. 61, 62. And such proceedings were had before the surrogate, upon the said allegations, that on the first day of December, 1851, the surrogate, after hearing the proofs and allegations of the parties, made a decree confirming the said probate, and dismissing the allegations with costs. From that decree, the present appeal was brought. The notice of appeal was filed in the surrogate's office, February 28th, 1853. The surrogate made a full return of the proceedings and testimony taken before him, upon the allegations filed by the appellant; upon which the counsel for the appellant contended the will was invalid because it was procured by fraud, imposition and undue influence, and for that reason asked that the order confirming the probate thereof and dismissing the allegations, be reversed. The respondents' counsel contended, among other things, that this court had no jurisdiction to hear the appeal, because it was not taken within thirty days after the entry of the decree by the surrogate. He also contended that the decree should be affirmed on the merits.

*Geo. Rathbun,* for the appellant.

*David Wright,* for the respondents.

*By the Court,* WELLES, P. J. The statute provides that appeals from decisions of surrogates, revoking or confirming probates of wills in pursuance of allegations filed against their validity, or against the competency of the proof thereof, "may be made in the manner, within the time and with the effect prescribed by law." (2 *R. S.* 62, § 35.) This is all that is to be found in the statute, in relation to an appeal from a decision, such as we are now called upon to review. It merely gives the right to appeal, and leaves to other provisions of the statute to direct the time in which it is to be brought.

"After any will of real or personal estate or of both, shall have been proved before a surrogate, any devisee or legatee named therein, or any heir or next of kin to the testator, may, within three months thereafter, appeal to the circuit judge of the circuit, from the decision of the surrogate, either admitting such will to record or probate, or refusing the same : and upon such appeal being filed with the surrogate, *it shall stay the recording or probate of such will, until it be determined.*" (2 *R. S.* 66, § 55,) Another section of the revised statutes declares that "appeals from the decisions of surrogates by which any will of real estate shall have been admitted to record, or any will of personal estate shall have been admitted to probate ; or by which any such will shall be refused to be admitted to record or probate, to the circuit judge of the circuit, shall be made within three months after such decision made and entered, in the manner and with the security specified in the first title of the sixth chapter of the second part of the revised statutes." (2 *R. S.* 608, § 90.) Section 100 of the same article gives an appeal to the court of chancery from the decision of the circuit judge upon such appeal from a surrogate, within one month from the time such decision shall have been certified to the surrogate and entered in his office. Section 105 relates to appeals from decrees of surrogates for final settlement of the account

of an executor, administrator or guardian, and requires them to be made within three months after the decree shall have been recorded. By section 106, appeals from orders of surrogates in relation to the appointment or removal of guardians, are to be made within six months; and section 107 is as follows: "In all other cases, not hereinbefore specified and not otherwise limited by law, appeals from the orders, decrees and sentences of surrogates, to the court of chancery, shall be made within thirty days after such order, decree or sentence shall have been made." These I believe include all the provisions of law relating to the times in which appeals from decisions of surrogates shall be brought. The appellant's counsel contends that § 90 on p. 608, and § 55 on p. 66, above recited, which allow the appeals therein provided for to be brought within three months, embrace substantially the present case. But we do not think so. Those sections relate to appeals from decisions of surrogates *admitting wills to record or probate, or refusing the same;* while the order appealed from in this case did neither. The section giving the appeal in this case, and those in connection with it, contemplate a decree admitting a will of personal estate only to probate, *made,* and letters testamentary, or of administration, with the will annexed, *issued,* previous to the filing of the allegations against the validity of the will or the proof of it, upon which allegations the decree to be appealed from has been made. They do not contemplate a case where the surrogate has refused the probate, but are confined to the case where he has previously granted it, and allegations are afterwards filed, &c. The next of kin has one year after the probate, to file his allegations, and may appeal from the decision of the surrogate thereon. That appeal, we think, the statute intended should be to the court of chancery, and not to the circuit judge, and should be brought in thirty days as provided by § 107, p. 610, above recited. This appeal not having been brought within that time, cannot be entertained, and must be dismissed.

No costs should be allowed to the respondents, for the reason that they have neglected to raise the question until the final hearing. It was competent for them to move to have the ap-

---

peal dismissed, immediately upon its being brought. It is the invariable practice of the court of appeals to refuse costs in similar cases.

[MONROE GENERAL TERM, September 5, 1853. *Welles, Selden* and *T. R. Strong*, Justices.]