LYDIA PATTERSON Appellant, *v.* ALFRED E. BURNETT, Respondent.

*N. Y. Supreme Court, Fifth Department, General Term, April* 12, 1889.

*Costs. Additional Allowance.*—In an action, where there is no recovery, nor claim for any fixed sum, but for an accounting by trustees for whatever assets of the estate of the plaintiff's father had come to their hands, and for the payment to her of her share of the value of such assets as, upon such accounting, shall appear to be subject to distribution to the next of kin, and where the estate is insolvent, and plaintiff's interest of no value, there is no basis for the computation of an additional allowance of costs.

Appeal from a final judgment entered upon the report of

a referee, also from an interlocutory judgment, and from two orders granting additional allowances of costs to two of the defendants.

*J. H. Camp*, for appellant.

*C. W. Roys*, for respondent.

DWIGHT, J.—We think the case was properly disposed of on the merits, and that none of the objections, to either the interlocutory or final judgment, were well taken, except to the additional allowances of costs which were included in the latter. In this respect we are unable to distinguish the case from that of Weaver *v.* Ely, 83 N. Y. 89, in which the granting of such an allowance was held to be error. That was an action for an accounting by executors and payment to the plaintiffs of such an amount as, on such accounting, should be found to be due to them on certain legacies contained in the will set forth in the complaint. The estate was found to be insolvent, the complaint was dismissed with costs, and the additional allowance was granted to the defendant. DANFORTH, J., writing the opinion, says: " I am unable to find any facts stated in the papers which furnish any basis on which an extra allowance could be computed. It must not exceed five per cent upon the amount of the recovery or claim, or subject matter involved. There was no recovery; the claim was for an accounting, not for the payment, of a fixed sum, but for such an amount as shall on this accounting be found due to the plaintiffs under the will set forth in the complaint. It was undefined and only to be ascertained by the result." And the court held that " the subject matter involved " was the plaintiffs' interest when ascertained, not the nominal amount of the legacies, nor the value of the estate.

To the same effect is the case of Coleman *v.* Chauncey, (7 Robt. 578), where JONES, J., discusses the question: what

is "the subject matter involved" in such an action? and decides that it is what the plaintiff was entitled to recover when ascertained.    See, also, Struthers *v.* Pearce, 51 N. Y. 365.    The principle thus established applies with quite equal force to the case at bar.    Here there was no recovery, nor claim for any fixed sum, but for an accounting by trustees for whatever assets of the estate. of the plaintiff's father had come to their hands, and for the payment to the plaintiff of her share of the value of such assets as, upon such accounting, shall appear to be subject to distribution to the next of kin.    Here the subject matter involved is not the total of the estate, nor the total of assets which have come to the hands of either or all of the trustees; but only the distributive share of the plaintiff in the assets subject to distribution, to be ascertained only by the accounting to be had in the action.    Here, as in Weaver *v.* Ely, the estate proved to be insolvent, the plaintiff's interest was of no value, and there was no basis for the computation of an additional allowance of costs.

Counsel for the defendants are disposed to contend that there are allegations of this complaint which supply the needed basis of computation; but we think, clearly not, within the principles above stated.    There is no allegation which assumes to fix the value of the plaintiff's interest in her father's estate; that is wholly left to be ascertained by the accounting.    There is some statement in round numbers of the supposed value of the estate, and of assets alleged to have come into the hands of one of the trustees, but neither of these allegations, however definite, assumes to fix the amount or value of the assets of the estate which are subject to distribution to the next of kin; and, therefore, do not in any measure determine the "value of the subject matter involved," viz.: the distributive share of the plaintiff.

Costs are a creation of the statute, and can be awarded

only in cases which are clearly brought within the statutory provision.

Under the authorities, we think the additional allowances of costs in this case were improperly granted.

The interlocutory judgment should be affirmed; the orders appealed from reversed, and the final judgment modified by deducting therefrom the additional allowances of costs, and as so modified, affirmed, without costs of this appeal to either party.

All concur.