In the Matter of the Petition of FRANCIS A. HILL, a Taxpayer of the Town of Ontario, Wayne County, Respondent, *v.* ANDREW F. SHELDON, as County Treasurer of Wayne County, Appellant.

*Costs — not allowable in proceedings under section 4, chapter 907 of 1869, as amended by chapter 283 of 1871.*

In proceedings instituted by a taxpayer by petition to the county judge, under the provisions of section 4 of chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871, no costs can be awarded by the county judge.

Appeal by the defendant from the final order of the county judge of Wayne county, entered in the office of the clerk of Wayne county on the 27th day of December, 1888, in proceedings instituted under chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871, granting to the petitioner, besides other relief, costs of the proceeding.

*C. H. Roys*, for the appellants.

*J. Welling*, for the respondents.

Dwight, J. :

The proceeding is by petition to the county judge under the provisions of section 4 of chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871.

We regard the decision of the case as controlled in all respects, as to its merits, by that of the Court of Appeals in *Clark* v. *Sheldon* (106 N. Y., 104), which was a proceeding of the same character, by a taxpayer of another town of the same county, against the same defendant, as in this case. But the question of costs in the proceedings before the county judge did not arise in that case ; no costs having been awarded by the county judge to either party, and the costs awarded by the Court of Appeals being con fined to those in that court and in the Supreme Court on appeal. In this case the county judge awarded costs to the petitioner against the defendant.

This provision of the order was clearly erroneous. As we said in *Patterson* v. *Burnett* (23 N. Y. St. Rep., 363), costs under our

present practice are a creation of the statute, and can be awarded only in cases which are clearly brought within the statutory provision. In this case, the statute cited above, which authorizes the proceeding makes no provision for costs therein at any stage, and there is no general or special provision of statute which justifies an award of costs in the proceeding before the county judge. Section 3240 of the Code of Civil Procedure provides, generally, for the award of costs in special proceedings, in the discretion of the court, but only when the proceeding is instituted in 'a court of record or on appeal to a court of record. This proceeding was instituted before the county judge as an officer designated by the statute for that purpose, and not in any court of record or otherwise.

The order should be modified by striking out the provision as to costs, and as so modified affirmed, without costs of this appeal to either party.

BARKER, P. J., and MACOMBER, J., concurred.

Order appealed from modified by striking out the provision as to costs, and as so modified affirmed, without costs to either party.