## CLARKE *v.* SHELDON, County Treasurer.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

**1. TOWNS—MUNICIPAL AID TO RAILWAYS—REDEMPTION OF BONDS.**
Laws N. Y. 1869, c. 907, § 4, as amended by Laws 1871, cc. 283, 925, provides that all taxes, except road and school taxes, collected and paid over to the county treasurer, on the assessed valuation of any railroad in any town, village, or city, which has issued bonds to aid in the construction of such railroad, shall be used by the treasurer to purchase such bonds, in order that they may be canceled. *Held* that, though part of the taxes of a town, thus collected, have been paid over to the town in violation of the above provision, and used by it for other purposes, the county is not liable therefor, and the treasurer can only be compelled to use the balance of such taxes remaining in his hands for the purchase of such bonds.

**2. COUNTY TREASURER—EXCUSABLE NEGLECT.**
Prior to the time of the demand made on the treasurer to use the moneys in question for the purchase of bonds, the act above cited, on which this proceeding was based, had been declared unconstitutional by the general term, but it was afterwards held constitutional by the courts of appeals. *Held,* the refusal of the treasurer to comply with the demand was not such a willful neglect of a plain duty as would charge him with interest upon such moneys.

**3. TAX-PAYER—RIGHT TO SUE.**
The plaintiff, being a resident and tax-payer of the town, is affected in his property rights by a refusal to appropriate the tax to the purpose provided, and can therefore maintain the action in the town's behalf.

Appeal from Wayne county court.

Action by Lewis H. Clarke, as a tax-payer of the town of Sodus, Wayne county, to require Andrew F. Sheldon, as treasurer of Wayne county, to purchase the bonds of the town issued to aid in the construction of the Sodus Point & Southern Railroad and the Rome, Watertown & Ogdensburgh Railroad. Laws N. Y. 1869, c. 907, § 4, as amended by Laws 1871, cc. 283, 925, provides, among other things, that "all taxes, except school and road taxes, collected for the next 30 years, or so much thereof as may be necessary, in any town, village, or city, on the assessed valuation of any railroad in said town, village, or city, for which said town, village, or city has issued or shall is-

sue bonds to aid in the construction of said railroad, shall be paid over to the treasurer of the county in which said town, city, or village lies. It shall be the duty of said treasurer, with the money arising from taxes levied and collected as aforesaid, which has heretofore been or shall hereafter be paid to him, including the interest thereon, to purchase the bonds of said town, issued by said town, to aid in the construction of any railroad or railroads, when the same can be purchased at or below par; the bonds so purchased to be immediately canceled by said treasurer and the county judge, and deposited with the board of supervisors."

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Charles H. Roys*, for appellant.    *J. Welling*, for respondent.

MACOMBER, J.    The town of Sodus, prior to the year 1871, issued its bonds in the amount of $113,000, under chapter 811 of the Laws of 1868, to aid in the construction of the Lake Ontario Shore Railroad, now known as the Rome, Watertown & Ogdensburgh Railroad, and also issued bonds in the sum of $77,000, under chapter 907 of the Laws of 1869, to aid in the construction of the Sodus Point & Southern Railroad; the two railways passing through such town, and crossing each other.    Since the construction of these railways, respectively, the taxable property thereof has been assessed, and these companies have paid taxes so assessed in the same manner as in cases of other taxpayers.    The petition in this proceeding was filed in the month of February, 1882, praying for an order from the county judge, under chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871, requiring the county treasurer of Wayne county to execute the provisions of these acts by investing the sum of $427.69, the amount of taxes other than school and road taxes received by him for the years 1881 and 1882, collected on the assessed valuation of the two railways in that town under the assessment of 1881, to aid in the construction of which the town had issued its bonds.    Upon a hearing before the county judge the petition was dismissed, and the order on such dismissal was subsequently affirmed by the general term of this court.    34 Hun, 623.    On appeal, however, to the court of appeals, these decisions were reversed, with directions to the county judge to proceed under the petition.    It was held by that court that, by the scheme of raising a sinking fund under these statutes, other portions of the county did not have imposed upon them any additional tax for the benefit of the town of Sodus, and that the provisions of the state constitution, (section 8, art. 7,) prohibiting the payment out of the treasury of the state of any moneys excepting in pursuance of an appropriation, was not violated thereby, inasmuch as the fund realized from such taxation does not belong to the state, or go into its treasury.    It was there further held that the law was not repugnant to section 20, art. 3, of the constitution, declaring that every law which imposes a tax shall distinctly state the tax and the object to which it is to be applied.    106 N. Y. 104, 12 N. E. Rep. 341.    At its annual session in 1881, the board of supervisors of Wayne county levied upon the taxable property in the town of Sodus, including these railways, a total tax of $33,636.97, for town, school, county, and state purposes.    The amount of such total tax of that year paid by the Rome, Watertown & Ogdensburgh Railroad was $2,231.38, and by the Sodus Point & Southern Railroad the sum of $370.71, amounting in the aggregate, upon both railroads, to the sum of $2,602.09.    The tax of $370.71 was paid by the Sodus Point & Southern Railroad to the town collector, and by the collector to the defendant, on the 13th day of February, 1882, which was three days after this proceeding was begun.    The tax upon the Rome, Watertown & Ogdensburgh Railroad of $2,231.38 was paid by the company, January 30, 1882.    The taxes of both railroads so paid to the county treasurer were placed by him to the credit of the collector of the town of Sodus for the objects and purposes to which they, with other taxes from the same town, were appropriated by other

than the sinking fund statutes. Since the decision of the court of appeals in this case, the defendant has amended his answer by setting up the fact that none of the taxes of that year paid by the railroads remained in his hands. This allegation of the answer was sustained by the proofs, and by the findings of the county judge.

At least one modification of the report of the county judge must be made. This is substantially conceded by the counsel for the respondent. There has been allowed to the respondent costs of the proceedings before the county judge. Costs were properly allowed to him in this court, and in the court of appeals, under the decision already mentioned. But we know of no statute which permits the allowance of costs as in an action where the special proceedings are instituted, not before the court, but before the judge at chambers. *Patterson* v. *Burnett*, 4 N. Y. Supp. 921; *Hill* v. *Sheldon*, 8 N. Y. Supp. 399. The amount of such costs, namely, $152.35, must consequently be deducted from the final order.

In another respect we are of the opinion that the report must be modified, and that the allowance of interest upon the sum so received by the county treasurer should not have been made by the final order herein. Up to the time of the decision of the court of appeals hereinbefore mentioned, the act of 1869 had been practically unenforced throughout the state. The general term, in what was then the fourth department, in the case of *Phelps* v. *Williams*, 5 Alb. Law J. 204, which was decided prior to any demand made upon the defendant in these proceedings, held that the provision of the act upon which this proceeding was founded was unconstitutional and void. The question, therefore, is whether or not, under the law as it was then deemed to be, the defendant has been guilty of any unreasonable refusal to comply with the demand made upon him in the year 1882 for setting apart these funds. Undoubtedly, public officers who fail to pay over money in their hands according to their well-defined and legal duty will be charged with interest from the time they should have paid the same. *Supervisors* v. *Clarke*, 25 Hun, 282. But where such duty is not well defined, and where the officer has acted in good faith, and without fault on his part has parted with the moneys, and they have neither actually nor constructively earned any increase, we think interest should not be imposed.

There should, besides, be made another substantial deduction, namely, $1,999.11, being the sum in excess of the amount claimed in the petition, and in excess of any moneys for which the defendant could properly be held accountable under the facts as disclosed under the amended answer. The sum demanded in the petition was $427.69. The sum allowed is $2,426.85, as stated in the final order. This additional sum of $1,999.11 is made up of taxes collected from the railroads for town purposes, and which were received and applied by the town officers of such town exclusively to town purposes about four years before the decision of the court of appeals in this action. It stands as conceded in the case that the town taxes of the year 1881, to the amount of $24,781.89, were received by the town officers of the town of Sodus to whom they were directed to be paid. The town received from the railroad companies $2,018.45, which sum was used by the town for its own purposes. The county of Wayne ought not to be held liable beyond the amount of money which it has actually received or appropriated. All moneys to pay charges of the town, and which were in fact turned over by the collector to the supervisor, overseer of the poor, and railroad commissioners of the town, ought not to form a basis of recovery in this action. If the town has received back this money which the railroad companies have paid, it cannot complain of the board of supervisors for not putting it into the sinking fund.

The following computation will show the amount and proportion of taxes paid by the railroads for exclusively town uses, and which the town has act-

ually had and used, and which never in fact came into the county treasury. The figures in the official schedule of taxes of 1881 appear on page 195 of the proceedings of the board of supervisors, and are printed in the case. These show the specific purpose for which the taxes, including those received from the railroads, were expressly levied and appropriated.

Total amount levied upon the town of Sodus, $33,636.97, made up as follows:

| | |
|---|---:|
| School tax, | $ 2,015 33 |
| County tax, | 3,566 98 |
| State tax, | 1,962 30 |
| Town tax, | 26,092 36 |
| Total, | $33,636 97 |

This town tax of $26,092.36, which the town has already received, was made up of the following items and charges:

| | |
|---|---:|
| Town contingent fund, | $ 2,545 70 |
| Roads and bridges, | 250 00 |
| Special town tax for the railroad commissioners, | 21,986 19 |
| Reassessed on town, | 6 92 |
| Supervisors' audits, | 816 35 |
| To reimburse county poor fund, | 487 20 |
| | $26,092 36 |

It is established that, out of the total $33,636.97 of the taxes collected by the collector of the town, there have been paid to the town officers, for the use of the town, the following sums:

| | |
|---|---:|
| To supervisors, contingent fund, | $ 2,545 70 |
| To highway commissioners, | 250 00 |
| To reassessed on town, | 6 92 |
| To town railroad commissioners, | 21,986 19 |
| Total, | $24,788 81 |

To this should be added the sum of $816.35 for supervisors' audits of charges against the town, audited by the board of supervisors instead of the town board, and the sum of $487.20 to reimburse the county poor fund, being the debt of the town of Sodus for the care of its town poor. These last two items came into the county treasurer's hands by the warrant of the board, but were paid out by him for the benefit of the town; and they, added to the foregoing $24,788.81, make up the total of the town tax as above, $26,092.36. The proportion of the taxes levied upon the town for all purposes to those levied upon the town for its own use is the proportion of the total taxes paid by the railroads to the part thereof paid for town purposes. By computation, it shows that, out of the $2,602.09 paid by the two railroads as taxes levied in 1881, the town received, (not the county,) and applied to its own use, the sum of $2,018.45. These taxes should be deducted from the sum for which the defendant is held liable for the final order appealed from. The county judge, however, has allowed $19.34 thereof paid by the railroads as road taxes, so that the actual deduction should be $1,999.11. Deducting this amount from the $2,426.85, there remained the sum of $427.74, for which the defendant is liable, being five cents more than is demanded in the petition. This slight discrepancy arises from the fact that the petitioner has given the county credit, as the sum received from the railroad companies, for $2,018.50, when it should have been $2,018.45.

We know of no reason why the foregoing basis of computation and principle of liability should not apply to this petitioner. It is true that the respondent is not the town of Sodus, but only one of its inhabitants and tax-payers. His right, however, to bring this action, is derived from the fact that under

certain circumstances a tax-payer is permitted to place himself in the place and stead of the municipal body, and claim for such municipality a restoration of its funds. He represents and speaks for the town, but his rights cannot be greater than those of the town. The town, having received and used for proper town purposes the moneys which ought to have gone into the sinking fund, should be deemed estopped to claim a repayment of such moneys, either directly or indirectly. In *Strough* v. *Supervisors*, 3 N. Y. Supp. 110, affirmed in 23 N. E. Rep. 552, and in *Wood* v. *Supervisors*, 2 N. Y. Supp. 369, (not affected in this respect by the decision of the court of appeals,) no claim or recovery was had except for the county and state taxes. In *Hill* v. *Sheldon*, 8 N. Y. Supp. 399, (decided by this court,) the county judge refused to find that the taxes raised for town purposes were all expended by the town itself for its own purposes, and the case itself was not clear and specific on that question, while in the case now before us the fact stands undisputed that the town of Sodus has had the benefit of all such moneys. In the *Hill Case* the petitioner asked that such moneys, as well as the county and state taxes, be turned into the sinking fund, while in this case the claim was made for the state and county taxes only. The final order of the county judge should be modified in the particulars mentioned, and as so modified affirmed, but without costs of either party on this appeal.

CORLETT, J., concurs in result. DWIGHT, P. J., not voting.