MILLER v. BUSH.

(Supreme Court, Appellate Division, Fourth Department, May 7, 1898.)

1. Costs—Motion for New Trial.
　　Costs on a motion for new trial after nonsuit can only be awarded under Code Civ. Proc. § 3236, providing that costs upon a motion in an action where the costs are not specifically regulated in that act may be awarded in the discretion of the court or judge; and, until such discretion is exercised in favor of one of the parties, no costs can be allowed.

2. Same—Rate Prescribed.
　　Code Civ. Proc. § 3251, providing that costs awarded shall be fixed at the rate therein prescribed, does not authorize any award of costs, but only fixes the rate.

Appeal from special term, Monroe county.

Action by Benjamin C. Miller against J. Wesley Bush, as overseer, etc. The plaintiff was nonsuited, and filed a motion for a new trial, which was denied, and costs, as on appeal, taxed in favor of defendant. A motion to retax costs was denied, and plaintiff appealed. Reversed.

This action is brought to recover the value of certain legal services claimed to have been rendered on behalf of the defendant by the plaintiff's assignor. Upon the trial a nonsuit was directed, and thereupon the exceptions were ordered to be heard at the general term in the first instance. A hearing was subsequently had, which resulted in a denial of the plaintiff's motion for a new trial, and the overruling of his exceptions; but the order of the general term did not, in terms, award costs to either party. Upon filing the decision of the general term, the clerk taxed the defendant's costs at the same rate as though there had been an appeal from a judgment. A motion was thereupon made at special term for a retaxation of costs, which was denied, and from the order denying the same this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

W. E. Davis, for appellant.

C. W. Stanton, for respondent.

PER CURIAM. The right to costs is one which is created by stat-ute, and consequently they can be awarded only in cases which are clearly within some statutory provision. Fargo v. Helmer, 43 Hun, 17; Patterson v. Burnett, 17 Civ. Proc. R. 115, 4 N. Y. Supp. 921. In this case, as we have seen, a trial was had, and, although a result was reached, no judgment was entered, but the exceptions were ordered to be heard in the first instance at the general term. The hearing which followed was simply a motion for a new trial, and the only statute authorizing the allowance of costs upon the decision of such a motion is section 3236 of the Code of Civil Procedure, which provides that "costs upon a motion in an action where the costs thereof are not specifically regulated in this act * * * may be awarded * * * in the discretion of the court or judge." It is apparent, therefore, that, before the prevailing party upon any motion becomes entitled to costs, the court before which the motion is made must, in the exercise of its discretion, specifically award them. Had the general term awarded the defendant costs, he would undoubtedly have been entitled to the several items allowed by the taxing officer. Code Civ. Proc. § 3251, subd. 4. It is to be noted, however, that the section just cited does not authorize the award of costs,—it simply establishes the rate at which they shall be adjusted in certain cases where they have been awarded; and, inasmuch as in this instance no costs were awarded to either party, we are unable to discover any theory upon which the order appealed from can be sustained.

Order reversed, and taxation modified by striking out all the costs of the general term, without costs of this appeal to either party.