MAGILL, Appellant, v. NORTH DAKOTA MILLERS' ASS'N, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 7, 1898.) Action by Robert J. Magill against North Dakota Millers' Association.

## 1146

Frank Harding, for appellant. Thomas R. Stone, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements. See 47 N. Y. Supp. 1142.

GREEN, J. (dissenting). This action was commenced in the municipal court of Buffalo, upon a money demand. Judgment was rendered in favor of plaintiff for $45.50 damages, and $6.20 costs. From that judgment, defendant appealed to the special term of the supreme court, where the judgment appealed from was reversed. A judgment for costs was thereupon entered against the plaintiff in favor of the defendant for $34.72. From that judgment, the plaintiff appealed to this court. The case was regularly placed upon the calendar, moved and argued by the counsel for the respective parties. Such appeal was dismissed by the appellate court, "with costs," upon the ground that it had no jurisdiction. The remittitur of the appellate court was duly filed in the office of the clerk of the county of Erie, and thereupon defendant entered judgment against the plaintiff for $63.17, costs. Thereafter the defendant duly noticed the costs for retaxation. The plaintiff appeared and filed objections thereto; but the costs were retaxed by the clerk of the county of Erie, without reduction. Thereupon the plaintiff moved the court at special term to have the judgment vacated, which motion was denied; and from that order of denial this appeal is taken.

The contention of the plaintiff is that the defendant was entitled only to $10 motion costs and disbursements. There was no motion made by the defendant to dismiss the appeal taken by plaintiff from the judgment entered upon the decision at special term; but the appeal was allowed to proceed, and the case was argued upon the merits. Counsel for defendant, however, upon such argument, insisted that the appeal should be dismissed, on the ground that the appellate court had no jurisdiction in the matter, and, in support of such contention, cited the opinion of the appellate court squarely holding that proposition. So it appears that defendant was fully cognizant of its rights in the matter, and that the appeal would have been dismissed upon motion. Instead of that, the defendant allowed the appeal to proceed; and upon its dismissal, in accordance with the request of defendant's counsel, made by him upon the argument and in his brief, it is now insisted that the plaintiff should be charged with a full bill of costs. This consideration alone, we think, ought to be sufficient to deny costs to the defendant, save motion costs and disbursements. "No costs should be allowed to the respondents, for the reason that they have neglected to raise the question until the final hearing. It was competent for them to move to have the appeal dismissed immediately upon its being heard. It is the invariable practice of the court of appeals to refuse costs in similar cases." Williams v. Fitch, 15 Barb. 656.

There is another ground, also, for denying full costs, even though the court was empowered to grant them. The appeal was dismissed for want of jurisdiction in the case. "Not having jurisdiction of that, the general costs cannot be awarded. They are incident to the cause. Ju-risdiction failing as to the principal, it must also fail as to the incident. All that remains is the jurisdiction of the parties and motion, as to which motion alone costs can be given." People v. Judges of Madison Co., 7 Cow. 423.

There is still another ground for setting aside this judgment. Under the common law, costs were awarded to neither party. They are a creation of the statute; and, in the absence of a statutory provision giving power to the court to award costs, the court is powerless to make such allowance. They can be awarded only in cases which are clearly brought within the statutory provisions. Patterson v. Burnett (Sup.) 4 N. Y. Supp. 921, citing Supervisors v. Briggs, 3 Denio, 173, and Krafft v. Wilson, 8 Civ. Proc. R. 359. There is no general provision of the statute awarding costs absolutely to the respondent upon the dismissal of an appeal in an action of this character; neither is there any authority nor power conferred by statute upon the court to grant other than motion costs and disbursements upon a dismissal of such an appeal. It is contended that section 3251 of the Code of Civil Procedure gives the right absolutely to the defendant to the costs as taxed. The introductory words of that section are: "Costs awarded to a party to an action must be at the following rates." It is not attempted by this section to award costs, or to prescribe in what cases costs may be allowed, but only fixes the rate of costs after they have been awarded under other statutory provisions or sections of the Code of Civil Procedure, either by absolute statute or by judicial discretion. There seems to have been a misconception of this provision, and it has been construed as awarding or allowing costs. No such construction is tenable. It is plain and unambiguous in its terms, and it is sought only to fix the rate of costs where they are awarded by statute, or by the court, in cases where the discretion to award or withhold costs is provided by statute. It is provided by section 3238 of the Code of Civil Procedure as follows: "Costs upon Appeal from Final Judgment. Upon an appeal from the final judgment in an action, the recovery of costs is regulated as follows: (1) In an action specified in section 3228 of this act, the respondent is entitled to costs upon the affirmance, and the appellant upon the reversal, of the judgment appealed from." This is the only portion of that section which could in any way be applied to the case at bar, and this is the only section applicable to the appeal which was taken from the final judgment in this action. It is readily seen that there is nothing in this section which justifies the action of the defendant. True, the appeal was from a final judgment; but, under the provisions of this section, the respondent is not entitled to costs, except the judgment be affirmed, nor the appellant, except the judgment be reversed. The order made by the appellate court in this action did not vacate the judgment in any manner. The judgment remained the same as though no appeal had been taken. There was neither an affirmance nor a reversal. It is unnecessary to cite authorities to the effect that a dismissal of the appeal does not affirm a judgment. Our attention has not been called by counsel to, nor has an independent and extended research disclosed, any other provi-

sion of the Code of Civil Procedure authorizing a full bill of costs in this case. We are of the opinion, therefore, that the defendant is entitled only to motion costs and disbursements. The order should be reversed, but, under the circumstances of this case, without costs to either party.

MANNIX, Respondent, v. NASSAU FERRY CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1898.) Action by Bridget Mannix against the Nassau Ferry Company. No opinion. Judgment and order unanimously affirmed, with costs.